IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BARBARA K. WALKER                                             PLAINTIFF

vs.                          Civil No. 4:16-cv-04039

NANCY BERRYHILL                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

       Barbara Walker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

       Plaintiff's applications for DIB and SSI were filed on October 4, 2013. (Tr. 115, 339-349). Plaintiff alleged she was disabled due to diabetes, carpal tunnel, back pain, depression, high blood pressure, swelling in legs, and sleep apnea. (Tr. 379). Plaintiff alleged an onset date of September 27, 2013. (Tr. 115). These applications were denied initially and again upon reconsideration. (Tr. 115, 280-285, 289-293). Thereafter, Plaintiff requested an administrative hearing on her applications

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

and this hearing request was granted. (Tr. 294).

Plaintiff's administrative hearing was held on October 8, 2014. (Tr. 188-217). Plaintiff was present and was represented by non-attorney representative, Stanley Brummel, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Susan Johnson testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old and had a high school education. (Tr. 192-193).

On February 11, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 115-158). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act on September 27, 2013, through at least June 30, 2016. (Tr. 119, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 27, 2013, her alleged onset date. (Tr. 119, Finding 2).

The ALJ determined Plaintiff had the severe impairments of obesity, diabetes mellitus, hypothyroidism, hypertension, bilateral carpal tunnel syndrome status post recent left carpal tunnel release surgery, degenerative joint disease of the right shoulder status post recent surgery, sleep apnea, lumbago with low back pain, affective disorder, and personality disorder. (Tr. 120, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 135, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 141-154). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20CFR 404.1567(a) and 416:967(a) except for the inability to climb ladders, ropes,

2

and scaffolds; inability to more than occasionally climb ramps or stairs, stoop, balance, kneel, crouch, and crawl; need to avoid hazardous moving machinery; need to avoid unprotected heights; inability to tolerate temperature extremes; inability to tolerate concentrated exposure to vibration; need to avoid pulmonary irritants including dust, fumes, gases, and odors; and inability to understand, remember, and carry out complex or detailed instructions and tasks. Specifically, at all times from September 27, 2013, through the date of this decision, the undersigned finds the claimant has retained the residual functional capacity to frequently lift and/or carry less than 10 pounds and occasionally up to 10 pounds, sit 6 hours in an 8-hour workday; stand and/or walk at least 2 hours in an 8-hour workday; and push and/or pull commensurate with lifting limitations. She has no limitation in the use of hand or foot controls. She has the non-exertional limitations of inability to climb ladders, ropes, and scaffolds; inability to more than occasionally climb ramps or stairs, stoop, balance, kneel, crouch, and crawl; need to avoid hazardous moving machinery; need to avoid unprotected heights; inability to tolerate temperature extremes; inability to tolerate concentrated exposure to vibration; need to avoid pulmonary irritants including dust, fumes, gases, and odors; and inability to understand, remember, and carry out complex or detailed instructions and tasks. She retains the ability to understand, remember, and carry out simple, routine tasks requiring no more than simple work-place decisions, few work place changes, need for simple and direct supervision, and little judgment (unskilled work as defined in SSR 85-15). This is commensurate with a wide range of unskilled sedentary work activity secondary to the non-exertional postural and environmental limitations (20 CFR 404.1567(a) and 416.967(a); and SSRs 83-10, 83-14, 85-15, 96-8p, and 96-9p).

(Tr. 141, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 154, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 156, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as assembler with 150 such jobs in the region and 175,000 such jobs in the nation, order clerk with 200 such jobs in the region and 28,000 such jobs in the nation, and addresser with 100 such jobs in the region and 10,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a

disability as defined by the Act from September 27, 2013, through the date of the decision. (Tr. 158, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 88). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On April 28, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 17, 2016. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination, (B) by failing to find Plaintiff met a Listing, and (C) in the credibility analysis. ECF No. 12, Pgs. 2-18. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20CFR 404.1567(a) and 416:967(a) except for the inability to climb ladders, ropes, and scaffolds; inability to more than occasionally climb ramps or stairs, stoop, balance, kneel, crouch, and crawl; need to avoid hazardous moving machinery; need to avoid unprotected heights; inability to tolerate temperature extremes; inability to tolerate concentrated exposure to vibration; need to avoid pulmonary irritants including dust, fumes, gases, and odors; and inability to understand, remember, and carry out complex or detailed instructions and tasks. Specifically, at all times from September 27, 2013, through the date of this decision, the undersigned finds the claimant has retained the residual functional capacity to frequently lift and/or carry

less than 10 pounds and occasionally up to 10 pounds, sit 6 hours in an 8-hour workday; stand and/or walk at least 2 hours in an 8-hour workday; and push and/or pull commensurate with lifting limitations. She has no limitation in the use of hand or foot controls. She has the non-exertional limitations of inability to climb ladders, ropes, and scaffolds; inability to more than occasionally climb ramps or stairs, stoop, balance, kneel, crouch, and crawl; need to avoid hazardous moving machinery; need to avoid unprotected heights; inability to tolerate temperature extremes; inability to tolerate concentrated exposure to vibration; need to avoid pulmonary irritants including dust, fumes, gases, and odors; and inability to understand, remember, and carry out complex or detailed instructions and tasks. She retains the ability to understand, remember, and carry out simple, routine tasks requiring no more than simple work-place decisions, few work place changes, need for simple and direct supervision, and little judgment (unskilled work as defined in SSR 85-15). This is commensurate with a wide range of unskilled sedentary work activity secondary to the non-exertional postural and environmental limitations (20 CFR 404.1567(a) and 416.967(a); and SSRs 83-10, 83-14, 85-15, 96-8p, and 96-9p).

(Tr. 141, Finding 5).

Plaintiff argues the ALJ erred in this RFC determination by failing to account for peripheral neuropathy, peripheral vascular disease, bilateral carpel tunnel syndrome, chronic edema of her lower extremities, and right shoulder surgery. ECF No. 12, Pgs. 3-15. However, substantial evidence supports the ALJ's RFC determination.

On September 11, 2014, Dr. Gordon Gibson performed nerve conduction studies on Plaintiff which had findings consistent with bilateral carpal tunnel syndrome with no evidence of peripheral neuropathy or cervical motor nerve root irritation. (Tr. 659-661). Furthermore, medical records showed Plaintiff had a normal gait. (Tr. 644).

As for complaints of carpal tunnel syndrome, the record shows surgery corrected Plaintiff's carpal tunnel syndrome. On October 21, 2014, Dr. Kevin McLeod performed a carpal tunnel release to correct Plaintiff's carpal tunnel syndrome. (Tr. 705-711, 715). On October 29, 2014, Dr. McLeod indicated Plaintiff was doing well, and he recommended Plaintiff wear a wrist orthosis for one week. (Tr. 719-721). There was no evidence Plaintiff returned to Dr. McLeod complaining of carpal tunnel

syndrome.

The ALJ also properly considered Plaintiff's edema in assessing her RFC. The record indicated that prior to the relevant time period of September 27, 2013 through February 11, 2015, Plaintiff had more significant leg edema, but during the relevant period Plaintiff's edema was described as no more than trace edema in her lower extremities, (Tr. 535). The ALJ also found medications controlled Plaintiff's edema, and there was no indication of significant swelling during the relevant time period. (Tr. 145).

Finally, on June 5, 2014, Dr. McLeod performed a right scope and debridement to correct Plaintiff's degenerative problem in her right shoulder. (Tr. 652-658, 691-704). Following surgery, Plaintiff had essentially normal strength (-4/5) and normal range of motion of her shoulder. (Tr. 620).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### **B. Listings**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the

meaning of the Social Security regulations. These impairments included obesity, diabetes mellitus, hypothyroidism, hypertension, bilateral carpal tunnel syndrome status post recent left carpal tunnel release surgery, degenerative joint disease of the right shoulder status post recent surgery, sleep apnea, lumbago with low back pain, affective disorder, and personality disorder. (Tr. 120, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.02 for major dysfunction of a joint and 11.14 for peripheral neuropathy. ECF No. 12, Pg. 5. Defendant argues Plaintiff has failed to establish she meets theses Listings. ECF No. 13.

Impairments found under Listing 1.02 for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b or involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity

9

functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. Further, Plaintiff presented no diagnostic medical evidence showing she has a major dysfunction of a joint characterized by gross anatomical deformity, and findings on medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints.

An "inability to perform fine and gross movements effectively" means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the

inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively.

Plaintiff also argues she meets Listing 11.14 for peripheral neuropathy based on her carpal tunnel syndrome. However, Plaintiff did not show her carpal tunnel syndrome met Listing 11.14.

In order to meet Listing 11.14, Plaintiff must have peripheral neuropathies "with disorganization of motor function as described in 11.04B, in spite of prescribed treatment." 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.14. Listing 11.04B requires "significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station" *Id*. §11.04B. "Persistent disorganization of motor function in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral, cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combinations, frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms." *Id*. § 11.00C.

On September 11, 2014, Dr. Gordon Gibson performed nerve conduction studies and electromyography on Plaintiff. (Tr. 659-661). The results showed findings consistent with bilateral carpal tunnel syndrome, with no evidence of a peripheral neuropathy. *Id.* On October 21, 2014, Dr. Kevin McLeod performed a carpal tunnel release to correct Plaintiff's carpal tunnel syndrome. (Tr. 715-718, 722-723). On October 29, 2014, Dr. McLeod noted Plaintiff was doing well, and he

11

recommended wearing wrist orthosis for one week. (Tr. 719-721). There is no indication Plaintiff returned to Dr. McLeod complaining of carpal tunnel syndrome following this visit.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### C. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 12, Pgs. 15-18. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 13.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 142-154). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living

13

inconsistent with the record, (3) No persuasive evidence of medication side effects, (4) Inconsistent statements regarding medication side effects, (5) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, and (6) Need to elevate leg can be accomplished after work day. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2nd day of June 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE